IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COREY CROCKETT (L.) #352962 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-16-924 |
| CORRICE THOMPSON | * | |
| DAVIDSON COUNTY SHERIFFS OFFICE | | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned case was filed on March 28, 2016, by Corey Crockett, who is confined at a facility in Nashville, Tennessee.[1] The Complaint alleges a violation of the Eighth Amendment based on a January 9, 2016 incident where Crockett was placed in a cell that had been recently cleaned with bleach. Crockett claims he was kept in the cell for up to ten minutes despite his complaints that the bleach was causing problems with breathing as well as eye irritation. (ECF No. 1). Crockett also filed a Motion to Proceed in Forma Pauperis.[2] (ECF No. 2).

Crockett seeks review of the Complaint under this court's federal question jurisdiction. Under 28 U.S.C. § 1391(b), a civil action that is not founded on diversity of citizenship may be brought only in the judicial district where any of the defendants reside, if all defendants reside in the same State or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, except as otherwise provided by law.

---

[1] It is unclear whether at the time of the incident Crockett was a pretrial detainee or had been convicted and was serving a sentence. This distinction is not material, however, because the constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided to convicted prisoners by the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

[2] The Motion shall be denied without prejudice, so that the appropriate court may consider it.

The named Defendants are located in Tennessee and the events described in the Complaint occurred in Tennessee. Therefore, the appropriate venue for this case is the United States District Court for the Middle District of Tennessee. The case shall be transferred to that court for all further proceedings. A separate Order follows.

                                                   _____/s/_____
                                                   DEBORAH K. CHASANOW
                                                   United States District Judge